UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN E. EBERHARD,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA HIGHWAY PATROL, et al.,<br><br>Defendants. | Case No. 14-cv-01910-JD<br><br>**ORDER RE MOTION TO AMEND SECOND AMENDED COMPLAINT, MOTION TO AMEND THIRD AMENDED COMPLAINT, AND MOTION TO DISMISS THIRD AMENDED COMPLAINT**<br><br>Re: Dkt. Nos. 73, 98, 106 |

Plaintiff Stephen Eberhard has filed two motions: a motion to amend the second amended complaint to allege that California Highway Patrol Captain James T. Epperson violated his First, Fourth, and Fourteenth Amendment rights, Dkt. No. 73; and a motion to amend the third amended complaint to add Sergeant Steven Lott as a defendant for allegations of First and Fourteenth Amendment violations and false arrest and imprisonment, Dkt. No. 98. Defendant Caltrans moves to dismiss the false arrest and false imprisonment allegations against it. *See* Dkt. No. 106.

**BACKGROUND**

The procedural and factual details of this case are set out at length in the Court's prior orders granting motions to dismiss and will not be repeated here. *See* Dkt. Nos. 49, 79. The high-level summary is that Stephen Eberhard is a photojournalist for The Willits News ("TWN") who covered the Willits Bypass Project, a highway construction project near Willits, California, that has attracted a number of protests. He alleges that several California Highway Patrol officers engaged in a campaign of harassment against him, which culminated in his arrest by the CHP on July 23, 2013 during a protest at the project site. He was released later that day, and on April 24, 2014, he sued the arresting officers, the California Highway Patrol, the California Department of Transportation, California Highway Patrol Chief Bridget Lott, and California Department of

1  Transportation District 1 Director Charlie Fielder. The allegations against Lott and Fielder were
2  based on a letter to the editor they sent to various newspapers defending their respective agencies'
3  roles in the arrest, and in Lott's case, another letter that she wrote to the Society of Environmental
4  Journalists defending the CHP's conduct.

5  Caltrans, Fielder, and Lott moved to dismiss Eberhard's First and Fourteenth Amendment
6  claims and his state law false imprisonment claims, and the Court granted the motion without
7  prejudice to replead. Dkt. No. 49. Eberhard filed a second amended complaint with similar
8  allegations, which the same three defendants again moved to dismiss. Dkt. Nos. 60, 67. Before
9  the Court ruled on the motion, Eberhard filed a motion to file a third amended complaint with
10 additional allegations against Caltrans, Lott, Fielder, and CHP Captain James T. Epperson, for
11 allegedly writing the letter Lott sent to the Society for Environmental Journalists. Dkt. No. 73.
12 The Court granted the motion to dismiss with a final opportunity to replead, denied the motion to
13 file a third amended complaint with respect to Caltrans, Lott, and Fielder, and did not rule on the
14 new allegations against Epperson until briefing on Eberhard's motion to amend Dkt. No. 79.

15 Eberhard then filed a Third Amended Complaint, dropping his claims against Lott and
16 Fielder and reasserting only a single state law false arrest and imprisonment claim against
17 Caltrans. *See* Dkt. No. 97. Eberhard simultaneously filed a motion to amend his third amended
18 complaint to add Sergeant Steven Lott as a defendant. *See* Dkt. No. 98.

19 On the defense side, Caltrans moved to dismiss the sole remaining claim against it -- the
20 state law false arrest claim in Eberhard's third amended complaint. *See* Dkt. No. 106. All of the
21 motions have been fully briefed.

**DISCUSSION**

**I.   MOTION TO ADD ALLEGATIONS AGAINST CPT. EPPERSON**

24 Captain Epperson is the captain in charge of the Ukiah division of the CHP. Dkt. No. 73-1
25 ¶ 9. Eberhard wants to amend his complaint to allege that Epperson wrote the letter to the Society
26 of Environmental Journalists that Chief Lott signed. *Id.* ¶ 75. The Court has already determined
27 that Chief Lott's alleged involvement with the letter was insufficient to state First Amendment
28 retaliation and due process claims against her, *see* Dkt. No. 49 at 4:5-12:1, Dkt. No. 79 at 4:1-

2

7:25, and the proposed claims against Epperson fail for the same reasons. Because "[l]eave to amend need not be given if a complaint, as amended, is subject to dismissal," *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989), the Court denies Eberhard's motion to amend his complaint to add allegations against Epperson.

## II.  MOTION TO ADD SGT. LOTT AS A DEFENDANT

According to Eberhard, Sgt. Steven Lott was the on-duty sergeant on the day of Eberhard's arrest. *See* Declaration of Duffy Carolan ¶ 2, Dkt. No. 98. Eberhard concedes that Lott was not on the site at the time of the arrest, but says he "arrived shortly thereafter" and "assum[ed] the role of incident commander," determined that Eberhard had trespassed, and declined to intervene or to order that Eberhard be cited and released rather than incarcerated. *Id.* Eberhard also alleges that a recording features Lott saying, "I think it sends the wrong message when someone's in custody then release him like a little parakeet. No way was I going to send the wrong message to the officers there . . . not going to send the wrong message to the protesters . . . ." *See* Dkt. No. 98-1 ¶ 76.

The deadline for adding parties under the scheduling order was November 14, 2014, *see* Dkt. No. 45. Consequently, Eberhard must show that there is "good cause" to modify the order to allow Lott to be added as a defendant. Fed. R. Civ. P. 16(b)(4); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). Eberhard argues that good cause exists because he did not know about Sgt. Lott's role until his deposition on April 25, 2015, and because it took him some time to review the recording, which CHP produced on February 4, 2015. Carolan Decl. ¶ 4.

The problem with this argument is that most of the essential facts that Eberhard relies on in arguing that Sgt. Lott should be added as a defendant were known to him before the deadline to add parties. In his first amended complaint, filed July 22, 2014, before the deadline for adding parties expired, Eberhard alleged:

> After about another 15 minutes [in the back of a patrol car after Eberhard's arrest], Sergeant Lott opened the door and asked Eberhard how he was doing. Eberhard, said, "Sgt. Lott, it's a mistake to arrest the press for trying to document the story." Eberhard told him he should let him go. Eberhard then told Lott that

3

> he had four surgeries on his shoulder and that it was hurting him bad in this position. Lott did not respond to this. The two proceeded to have a conversation where Eberhard conveyed that he had always shown respect to him and the other CHP officers and that there was only one time that he called out Babcock for shoving him repeatedly on May 21, 2013, when he was with his escort. Lott smiled and said he had heard about those prior incidents. He then closed the door and walked back to a group of officers.

Dkt. No. 26 ¶ 32. Eberhard's theory of liability with respect to Lott -- that he failed to intervene and prevent Eberhard from being incarcerated -- could have been pleaded with reference to facts that Eberhard has known since July 2014. Because Eberhard could have added Lott as a defendant before the scheduling order deadline, no good cause exists to excuse Eberhard's failure to name Lott. The motion to amend is denied.

### III.     MOTION TO DISMISS FALSE ARREST CLAIM AGAINST CALTRANS

To survive a motion to dismiss, a complaint must include "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). Although a complaint to state a claim "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555

The only remaining claim against Caltrans in Eberhard's third amended complaint is for false arrest and false imprisonment, *see* Dkt. No. 97 ¶¶ 113-124, and related claims for declaratory and injunctive relief, *see id.* ¶¶ 148-150, p. 44.

False imprisonment under California law is the "unlawful violation of the personal liberty of another." *Asgari v. City of Los Angeles*, 63 Cal. Rptr. 2d 842, 850 (Cal. Ct. App. 1997). False arrest is not a different tort; it is merely "one way of committing a false imprisonment." *Collins v. City & Cnty. of San Francisco*, 123 Cal. Rptr. 525, 526 (Cal. Ct. App. 1975). "Under California law, the elements of a claim for false imprisonment are: (1) the nonconsensual, intentional confinement of a person, (2) without lawful privilege, and (3) for an appreciable period of time, however brief." *Young v. County of Los Angeles*, 655 F.3d 1156, 1169 (9th Cir. 2011) (quoting *Easton v. Sutter Coast Hospital*, 80 Cal.App.4th 485, 496 (2000)).

Eberhard's third amended complaint alleges sufficient facts to proceed with a claim of false arrest and false imprisonment against Caltrans. According to the complaint, an email from Caltrans media representative, Matt McKeon, states that on May 13, 2013, he and a Caltrans resident engineer, Geoff Wright, "told Epperson to arrest or turn away TWN videographer Tony Ellis 'or anyone else' should they enter the site 'without an escort.'" Dkt. No. 97 ¶ 51. The complaint says that at that time, the escort protocol applied only to Eberhard, Ellis, and TWN. *Id.* In addition, the complaint alleges that on the morning Eberhard was arrested, one of the arresting officers -- Kory Reynolds -- went to Caltrans transportation engineer Melanie Collins and asked if Eberhard had permission to be on the site, and was told that he did not. *See id.* at 59. These allegations are enough to infer -- when all inferences are drawn in Eberhard's favor, as they must be on a motion to dismiss -- that Caltrans's actions were what caused CHP to arrest Eberhard, and that they would not have done so if Caltrans had told them, for example, that Eberhard was authorized to be on the site, or that CHP should simply turn Eberhard away instead of arresting him. While Caltrans argues that it can only be liable for false arrest if its own employees did the arresting, it cites no authority suggesting that the offense of false arrest under California law is so limited.

It may well turn out that CHP was within its rights to arrest Eberhard for showing up at the site without an escort, in which case Caltrans would be in the clear even if it was responsible for the arrest. It may also turn out that Eberhard will be unable to prove up his allegations concerning Caltrans's involvement. But there is no legal reason why the allegations in Eberhard's complaint are insufficient even to proceed with a false arrest claim against Caltrans. Caltrans's motion to dismiss is denied.

**IT IS SO ORDERED.**

Dated: August 10, 2015

_____
JAMES DONATO
United States District Judge