UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEPHEN E. EBERHARD,

          Plaintiff,

   v.

CALIFORNIA HIGHWAY PATROL, et al.,

        Defendants.

Case No.  14-cv-01910-JD

**PROPOSED FINAL JURY INSTRUCTIONS**

     The Court proposes to use these instructions as the final instructions for jury deliberations. Any objections are due by 5:00 pm on February 24, 2016.  The punitive damages instruction will only be given if the evidence presented warrants consideration of punitive damages by the jury.

     **IT IS SO ORDERED.**

Dated: February 22, 2016

_____
JAMES DONATO
United States District Judge

**Duty of Jury**

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you on the law.

A copy of these instructions will be available in the jury room to consult during your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**What is Evidence**

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits which are received into evidence; and

3. any facts to which the lawyers have agreed.

### What is Not Evidence

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

United States District Court
Northern District of California

4

**Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

United States District Court
Northern District of California

**Credibility of Witnesses**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### Expert Opinion

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**Testimony of Police Officers**

The testimony of a police officer should be considered by you just as any other evidence in this case, and in evaluating his or her credibility, you should use the same guidelines which you apply to the testimony of any witness. You should not give either greater or lesser credence to the testimony of a witness merely because he or she is a police officer.

1

**Stipulation of Facts**

2          The parties have agreed to the following facts. You should treat these facts as having been

3    proved.

4          1.       On April 12, 2013, a meeting was held at the office of The Willits News (TWN),

5    attended by Willits News publisher Debbie Clark, Willits News Editor Linda Williams, Caltrans

6    Public Information Officer Phil Frisbie, and plaintiff Stephen Eberhard.  The purpose of the

7    meeting was to discuss access to the Willits Bypass Project site.

8          2.       Defendant CHP Officers Christopher Dabbs and Kory Reynolds arrested Eberhard

9    at the Willits Bypass Project on July 23, 2013.

10         3.       Eberhard was arrested for trespassing under California Penal Code Section 602(k).

11         4.       Trespass under Section 602 of the California Penal Code is a misdemeanor offense

12    under California law.

13         5.       After his July 23, 2013 arrest, Dabbs and Reynolds caused Eberhard to be booked

14    into Mendocino County Jail at about 8:20 a.m.

15         6.       Eberhard was released from jail at about noon on July 23, 2013.

16

17

18

19

20

21

22

23

24

25

26

27

28

*United States District Court*
*Northern District of California*

### Burden of Proof -- Preponderance of the Evidence

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true. You should base your decision on all of the evidence, regardless of which party presented it.

### Section 1983 Claim -- Introductory Instruction

Stephen Eberhard brings claims against defendants under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

United States District Court
Northern District of California

**Section 1983 Claim Against Defendant in Individual Capacity -- Elements and Burden of Proof**

In order to prevail on his Section 1983 claims against the individual defendants, Officers Christopher Dabbs, Kory Reynolds, and Teddy Babcock, plaintiff Eberhard must prove each of the following elements by a preponderance of the evidence:

1. the defendants acted under color of law; and

2. the acts of Dabbs, Reynolds, and/or Babcock deprived Eberhard of his particular rights under the United States Constitution as explained in an instruction that I will provide to you in a moment.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.

The parties have stipulated that defendants Dabbs, Reynolds, and Babcock acted under color of law.  You should treat that element as proved.

If you find Eberhard has proved each of these elements as to a particular defendant or defendants, and if you find that Eberhard has proved all the elements he is required to prove under later instructions, your verdict should be for Eberhard against a particular defendant.  If, on the other hand, Eberhard has failed to prove any one or more of these elements against any one of the defendants, your verdict should be for that defendant.

United States District Court
Northern District of California

**Particular Rights – First Amendment – "Citizen" Plaintiff**

As previously explained, plaintiff Eberhard has the burden to prove that the acts of the defendants, Officers Dabbs, Reynolds and/or Babcock, deprived him of particular rights under the United States Constitution.

In this case, Eberhard alleges that Dabbs and Reynolds deprived him of his rights under the First Amendment to the Constitution when they arrested him on July 23, 2013.

Eberhard also alleges that Babcock deprived him of his rights under the First Amendment to the Constitution when Babcock pushed him and yelled at him on May 21, 2013.

Under the First Amendment, a person has the right to take photographs and gather information about newsworthy events in places open to the public.  In order to prove defendants deprived the plaintiff of this First Amendment right, the plaintiff must prove the following additional elements by a preponderance of the evidence:

1.    Eberhard engaged in conduct protected under the First Amendment;

2.    defendants Dabbs and Reynolds arrested Eberhard; and/or

3.    defendant Babcock pushed and yelled at Eberhard; and

4.    the Officer's action would chill or silence a person of ordinary firmness from future First Amendment activities; and

5.    the Officer's desire to cause the chilling effect was a substantial or motivating factor for the Officer's action.

A substantial or motivating factor is a significant factor.

United States District Court
Northern District of California

13

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**Bane Act Claim – Essential Factual Elements**

Eberhard claims that Babcock, Dabbs, and/or Reynolds intentionally interfered with or attempted to interfere with his civil rights by threats, intimidation, or coercion.  To establish this claim, Eberhard must prove all of the following by a preponderance of the evidence:

1.      That Babcock, Dabbs, and/or Reynolds made threats of violence against Eberhard, causing Eberhard to reasonably believe that if he exercised his civil rights, the officer(s) would commit violence against Eberhard or his property, and that the officer(s) had the apparent ability to carry out the threats; or

That Babcock, Dabbs, and/or Reynolds acted violently against Eberhard and his property, to prevent him from exercising his civil rights, or to retaliate against him for having exercised those civil rights;

2.      That Eberhard was harmed; and

3.      That the officer's conduct was a substantial factor in causing Eberhard's harm.

For the arrest incident on July 23, 2013, Eberhard must also prove that Dabbs and Reynolds used threats, intimidation or coercion independent and separate from the arrest itself.

**Proof of Damages and Measures of Types of Damages**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Eberhard on his Section 1983 and/or state Bane Act claims, you must determine his actual damages. Eberhard has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate Eberhard for any injury you find was caused by the defendants.

In determining the measure of damages, you should consider:

1.    The nature and extent of the injuries;

2.    The mental, physical, and emotional pain and suffering experienced;

3.    The damage to Eberhard's reputation.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**Mitigation of Damages**

Eberhard has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

Defendants Babcock, Dabbs, and Reynolds have the burden of proving by a preponderance of the evidence:

1.    that Eberhard failed to use reasonable efforts to mitigate damages; and

2.    the amount by which damages would have been mitigated.

United States District Court
Northern District of California

16

1

**Bane Act Damages**

If you decide that Eberhard has proved his claims under the Bane Act against defendant Babcock, Dabbs, and/or Reynolds, and has proven damages as defined in these instructions, you may award Eberhard up to three times the amount of his actual damages as a penalty against the defendant(s).

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**Nominal Damages for Section 1983 Claims Only**

Section 1983 authorizes an award of nominal damages. If you find for Eberhard under his Section 1983 claims, but you find that he has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

**Punitive Damages**

If you find for Eberhard, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

Eberhard has the burden of proving by a preponderance of the evidence that punitive damages should be awarded, and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct, including whether the conduct that harmed the plaintiff was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case. You may not, however, set the amount of any punitive damages in order to punish the defendant for harm to anyone other than the plaintiff in this case.

In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.

Punitive damages may not be awarded against the California Highway Patrol. You may impose punitive damages against one or more of the defendants and not others, and may award different amounts against different defendants. Punitive damages may be awarded even if you

United States District Court
Northern District of California

1   award plaintiff only nominal, and not compensatory, damages.

**No Use of Electronic Technology to Conduct Research On or Communicate About a Case**

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. Most or all of you use cell phones, smartphones, computers, iPads and similar devices to access the internet and other electronic sources and media. You may not use any device to communicate with anyone any information about this case. That means you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case through email, texting, Facebook, Twitter or any other social media, or a blog or personal webpage. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will promptly inform me if you become aware that a fellow juror has violated this instruction.

You also cannot use any electronic device or the internet or any other source to investigate the case. It is vitally important that you decide this case based solely on the evidence presented in this courtroom. Information on the internet or available through websites and social media might be wrong, incomplete, or inaccurate. If you become aware that a fellow juror has used the internet or done other research, you must let me know right away.

You are permitted to discuss the case only with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process.

United States District Court
Northern District of California

**Duty to Deliberate**

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

United States District Court
Northern District of California

1

**Consideration of Evidence and Conduct of the Jury**

I have specifically cautioned you not to use any electronic device or service to communicate about or research this case. Outside of your deliberations, you should also not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research or make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify me immediately.

**Communication with Court**

If it becomes necessary during your deliberations to communicate with me, you may send a note to me through my courtroom deputy, Ms. Clark, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

1

**Return of Verdict**

2          A verdict form has been prepared for you. After you have reached unanimous agreement

3  on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it,

4  and advise the court that you are ready to return to the courtroom.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California